IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDY L. COOPER, Inmate #C63527, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO.  05-494-GPM |
| | ) |
| WARDEN and EMPLOYEES AT BIG | ) |
| MUDDY RIVER CORRECTIONAL | ) |
| CENTER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

On August 17, 2005, the Court issued a Memorandum and Order in this action striking Plaintiff's original complaint and urging him to refile it on the Court-provided form (Doc. 9). Plaintiff was specifically instructed to present each of his claims as a separate count and to "specify, *by name*, each defendant alleged to be liable under the count and the actions alleged to have been taken by that defendant." Plaintiff was warned that "should Plaintiff fail to refile his complaint in strict compliance with this Memorandum and Order, this action will be dismissed for failure to comply with an order of this Court."

Plaintiff filed an amended complaint, but it does not in any way conform to the Court's instructions. Plaintiff listed as defendants: "Warden and Employees of Big Muddy River Correctional Center." On the section of the form where Plaintiff was asked to state the factual basis of his complaint, he wrote only "I reserve the right to exclude some officers, staff, and/or others who testify to my benefit, well being, and capacities as 14001 U.C. a test person and patient from liability by person to person post application and resolve finality of this law suit contesting civil

commitment." On the part of the form where Plaintiff was asked to explain whether the defendants were employed by the state, local, or federal government, Plaintiff wrote "several frauds purporting to be in charge, directing gang attacks daily, undermining #14001 and withholding pay and benefits." On the part of the form where Plaintiff was asked to describe previous lawsuits in which he was involved, he wrote "gang associated officials are deliberate in the frauds, deceptions, abuse, cruelties, obstructions, and worse, I am one person I need help."

Plaintiff did not identify a single defendant by name. While it is within the Court's discretion to allow Plaintiff to proceed against unknown defendants, the use of fictitious names is generally disfavored. *See K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997). However, where a Plaintiff alleges objectively serious constitutional deprivations, he or she should be allowed "a reasonable opportunity to identify unnamed defendants and amend his complaint." *See Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999). Plaintiff was given such a chance and failed to comply with the orders of the Court. This failure fatally flaws the complaint.

In accordance with the Court's August 17, 2005, Memorandum and Order, **IT IS HEREBY ORDERED** that the action is **DISMISSED without prejudice** to Plaintiff's refiling it in accordance with the requirements of local and federal rules. The Clerk of Court is directed to **CLOSE THIS CASE** on the Court's docket.

**IT IS SO ORDERED.**

DATED: 10/31/05

                                           s/ G. Patrick Murphy
                                           G. PATRICK MURPHY
                                           Chief United States District Judge