IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANDY L. COOPER, Inmate #C63527,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO.  05-494-GPM |
| | ) |
| **WARDEN and EMPLOYEES AT BIG** | ) |
| **MUDDY RIVER CORRECTIONAL** | ) |
| **CENTER,** | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

　　This action comes before the Court on Plaintiff's objections to the Court's October 31, 2005, Order dismissing his case (Doc. 19).  The Court construes this as a motion to reconsider the Court's Order.  Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure.  The Seventh Circuit Court of Appeals has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992).  As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated.  Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'"  *Id.* (citations omitted).

　　The Order in question was entered in this action on October 31, 2005, and the instant motion

was filed on November 10, 2005, within the 10-day period. *See* FED. R. CIV. P. 6(a). Therefore, under *Deutsch*, the Court will construe the motion as a motion to alter or amend judgment, filed pursuant to Rule 59(e), which may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Upon review of the record, the Court remains persuaded that its ruling dismissing the case because Plaintiff failed to specify any defendants by name was correct. Therefore, the instant motion (Doc. 19) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  12/20/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge